CANNELLA, Judge.
Defendant, Joseph Shano, appeals from a juvenile court judgment which maintained the exceptions of lack of subject matter jurisdiction and prescription filed by the State of Louisiana, Department of Social Services (the State). The exceptions were raised in response to a Petition To Disavow Paternity. We affirm the judgment on the Exception of Lack Of Jurisdiction Over the Subject Matter and we vacate the judgment on the Peremptory Exception Of Prescription. We remand the case for continuation of the proceedings which are properly before the juvenile court.
The State filed a Petition For Child Support pursuant to La.R.S. 46:236.1(F) against defendant on April 20, 1992. Defendant is the legal and presumptive father of three minor children born during the existence of his marriage to the mother, Lisa Shano. On June 26, 1992, the petition was heard by a hearing officer who, on June 26,1992, recommended that child support be set at $367 per month for Joseph Shano, III, Shantell Shano and Kitty Shano. Defendant disagreed with this decision and requested a hearing before the juvenile court.
On September 14, 1992, defendant filed an answer admitting that he is the father of the oldest child, Joseph, but denying that he is the father of the two younger children. He asked that all parties submit to a blood test to determine whether or not he is the biological father of the two children. On September 21, 1992, the juvenile court rendered a minute entry — judgment allowing defendant to file for disavowal and ordering that the parties submit to blood testing.
Defendant filed a Petition To Disavow Paternity on September 25,1992, asserting that another man is the biological father of Shan-tell and Kitty, that they were born after he and Lisa Shano were physically separated and that he was not informed of the births of the children at the time of their births. He further asserted that Lisa Shano did not dispute that the couple had only one child in any responses to the divorce petition which was granted in 1982.
On October 20, 1992, in response to the Petition To Disavow Paternity, the State filed a Peremptory Exception of Prescription, asserting that defendant is time-barred from bringing the disavowal action since the delays in La.C.C. art. 189 have long since expired. Additionally, the State filed an Exception of Lack of Jurisdiction Over the Subject Matter, claiming that juvenile court is ■without authority to consider an action for disavowal. The state included a Motion To Stay the blood tests, which was granted on October 26, 1992.
A hearing on both exceptions was held on April 5, 1993. The sole witness was Sybil Thomas of the Jefferson Parish District Attorney’s office, who testified why the District Attorney filed the exceptions. Subsequently, the legal issues were argued by the attorneys involved. On May 24, 1993, the juvenile court rendered a judgment, with reasons, maintaining both exceptions. After determining that the juvenile court lacks jurisdiction over disavowal actions, it also determined that the time delay set forth in La. C.C. art. 189 bars the petition for disavowal. Defendant appeals from this judgment.
Defendant contends that the juvenile court retains jurisdiction over a disavowal action once the State has initiated a claim for child support. Defendant also contends that the codal article requiring that the legal fa *1265 ther file the disavowal petition within six months of the birth of the child (C.C. art. 189), is unconstitutional.[1]
The juvenile courts have limited jurisdiction, as provided for by law. La. Const. Art. 5 See. 18.[2] Under the provisions of the Children’s Code, the court is given jurisdiction over enumerated support proceedings initiated by the State on behalf of the child. La.Ch.C. art. 311.[3] Actions for filiation are specially mentioned and may be brought in either the district court or juvenile court. However, there is no specific provision for actions for disavowal. See: La.Ch.C. art. 311; La.R.S. 13:1599 B.[4]
In some cases in juvenile court, allegations of lack of paternity as an affirmative defense may indeed become entangled with a support action filed by the state. However, the action for disavowal is a separate and distinct cause of action provided under La.C.C. art. 184 to reheve a presumptive father of all of a father’s legal rights and obligations, includ-mg, but not limited to child support. The action to disavow is brought pursuant to the Civil Code, Section 1, Chapter 2 of Title VII, entitled “Of Father and Child”. The child’s right to support also emanates from that section of the Civil Code. However, the right of the juvenile court to set and enforce support, along with the state’s right to pursue the father for support arises from special legislation. In the context of these duties, the state and juvenile court have been granted the further authority to establish filiation or paternity. This also arises from legislation particularizing the duties of the court and the state in their efforts to secure or set child support. There are no such special provisions for the action to disavow.[5] Thus, we cannot say that the action of the juvenile court in maintaining the Exception of Lack of Jurisdiction Over the Subject Matter is clearly wrong and we affirm the ruling.
Since we find that the juvenile court correctly maintained the declinatory Exeep *1266 tion Of Lack Of Jurisdiction Over the Subject Matter, the matter of disavowal was concluded and the prescription issue was not properly before it. Once the court determined that it had no authority to render a judgment for lack of jurisdiction, then it also lacked authority to determine issues related to that subject. La.C.C.P. arts. 2 and 3. Thus, the judgment is void insofar as it maintained the Peremptory Exception Of Prescription.
Our findings in regard to jurisdiction render the prescription issue moot. Thus, we decline to address the issue of the constitutionality of La.C.C. art. 189.[6]
Accordingly, the judgement of the juvenile court is affirmed as to the maintaining of the declinatory Exception Of Lack Of Jurisdiction Over the Subject Matter. The maintaining of the Exception Of Prescription is vacated and set aside. The case is remanded for further proceedings.
Costs are to be paid by appellant.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

. C.C. Art. 189. Time limit for disavowal by the husband
A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability.

. La.Const. Art. 5 § 18: Juvenile and Family Courts; Jurisdiction.
Notwithstanding any contrary provisión of Section 16 of this Article, juvenile and family courts have jurisdiction as provided by law.

. La.Ch.C. art. 311: Juvenile jurisdiction over adults; support proceedings; coexistent orders.
A. A court exercising juvenile jurisdiction shall have exclusive original jurisdiction in the following cases involving support of family:
1) Proceedings involving desertion, nonsupport, or criminal neglect of a child by either parent, or by one spouse of the other spouse.
2) Proceedings under the Revised Uniform Reciprocal Enforcement of Support Act, R.S. 13:1641 et seq. (1968).
3) Proceedings brought by the Department of Social Services on its own behalf or on behalf of any person for whom support has been ordered to enforce support by interstate income assignment pursuant to R.S. 46:236.4, or proceedings brought by the district attorney to establish or enforce support pursuant to the provisions of R.S.46:236.1(F) or R.S. 46:236.2, except actions to establish filiation shall be brought in district court unless otherwise provided by law.
B. A support order rendered pursuant to an action brought under this Article shall not modify a prior judgment of a district court or be modified by a district court having appropriate jurisdiction over support. Upon proof thereof, amounts paid for a particular period pursuant to a support order rendered by either court shall be credited against the amounts accruing or accrued for the same period under any support order rendered by the other court.

. La.R.S. 13:1599 B provides:
B. In addition, the Juvenile Court for the parish of Jefferson shall have concurrent jurisdiction with the Twenty-Fourth Judicial District Court to establish paternity, establish and modify custody and visitation, and establish and modify alimony and child support in criminal neglect and paternity cases. However, as between the Juvenile Court for the parish of Jefferson and the Twenty-Fourth Judicial District Court, the court which rendered the initial order for custody, visitation, or support shall have exclusive continuing jurisdiction to modify such order.

. We do not decide here whether, as an affirmative defense, the presumptive father is entitled to contest paternity. However, we note that it may be irrelevant, since once the time delays under La.C.C. art. 189 have passed, the party’s status of legal father is preempted. The only relevance it may have is if another person alleged to be the biological father can be brought into the support case, since a child is entitled to dual paternity under Smith v. Cole, 553 So.2d 847 (La.1989).

. However, we note that a recent legislative change has provided an exception to the time delays of C.C. art. 189 and suspends the running of the delays where there is fraud or misrepresentation. The right to bring the action under the retrospective provisions expires six months from the effective date of the act, July 15, 1993. La.R.S. 9:305.